UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| FRED LOLLIS and ROSEMARY LOLLIS, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>TULSA POLICE DEPARTMENT, )<br>)<br>Defendant. ) | Case No. 15-CV-0279-CVE-PJC |

## OPINION AND ORDER

Now before the Court are plaintiffs' complaint (Dkt. # 1) and plaintiffs' Motion for Leave to Proceed In Forma Pauperis and Supporting Affidavit (Dkt. # 2). Plaintiffs Fred and Rosemary Lollis, proceeding pro se, allege that police were driving through the parking lot of a motel and were checking vehicle tags to identify sex offenders. They claim that their 13 year old daughter was taken into custody and illegally handcuffed, and they claim that it was unlawful for their daughter to be arrested without an arrest warrant. Dkt. # 1, at 2. They also claim that police may have illegally wiretapped Rosemary Lollis's phone. Id. at 3. The allegations of the complaint are sparse, but it appears that they are alleging a claim for unlawful arrest of their 13 year old daughter. Dkt. # 1, at 1-2. They have named the Tulsa Police Department (TPD) as the defendant. Plaintiffs are proceeding pro se and, consistent with Supreme Court and Tenth Circuit precedent, the Court will construe their pro se pleadings liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972); Gaines v. Stenseng, 292 F.3d 1222, 1224 (10th Cir. 2002).

Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction. Merida Delgado v. Gonzales, 428 F.3d 916, 919 (10th Cir. 2005); Penteco Corp. Ltd. Partnership--1985A v. Union Gas System, Inc., 929 F.2d 1519, 1521 (10th Cir.

1991). The party invoking federal jurisdiction has the burden to allege jurisdictional facts demonstrating the presence of federal subject matter jurisdiction. McNutt v. General Motors Acceptance Corp. of Indiana, Inc., 298 U.S. 178, 182 (1936) ("It is incumbent upon the plaintiff properly to allege the jurisdictional facts, according to the nature of the case."); Montoya v. Chao, 296 F.3d 952, 955 (10th Cir. 2002) ("The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction."). The Court has an obligation to consider whether subject matter jurisdiction exists, even if the parties have not raised the issue. The Tenth Circuit has stated that "[f]ederal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may *sua sponte* raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" 1mage Software, Inc. v. Reynolds & Reynolds Co., 459 F.3d 1044, 1048 (10th Cir. 2006).

Plaintiffs state that the Court has jurisdiction over this matter under 42 U.S.C. § 1983. While § 1983 is not an independent basis for subject matter jurisdiction, plaintiffs could be alleging a claim for violation of their federal constitutional rights and this could support the exercise of federal question jurisdiction under 28 U.S.C. § 1331.[1] Generally, the "well-pleaded complaint" rule requires that the federal question appear on the face of the plaintiff's properly pleaded complaint. See Garley v. Sandia Corp., 236 F.3d 1200, 1207 (10th Cir. 2001) ("The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.")(citing Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987)). "The complaint

---

[1] The Court finds no allegations that would support the exercise of diversity jurisdiction, because plaintiffs allege that they and the defendant are citizens of Oklahoma and there is no diversity of citizenship.

2

must identify the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law." Collins v. County of Johnson, Kan., 2001 WL 950259, at *1 (D. Kan. July 12, 2001) (quoting Martinez v. United States Olympic Comm., 802 F.2d 1275, 1280 (10th Cir. 1986)).

Plaintiffs allege that their constitutional rights were violated when TPD arrested their 13 year old daughter and illegally obtained information about plaintiffs, and they cite § 1983 as the basis for their claims. Dkt. # 1, at 1-3. Section 1983 provides a cause of action against state actors for violation of a plaintiff's Constitutional rights. Becker v. Kroll, 494 F.3d 904, 913 (10th Cir. 2007). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Anderson v. Suiters, 499 F.3d 1228, 1232-33 (10th Cir. 2007). Plaintiffs have named TPD as the defendant, but the law is well-settled that police departments and sheriff's offices are not entities that can be sued under § 1983. Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992). Construing plaintiffs' pro se pleading broadly, they could be attempting to allege a § 1983 claim against the City of Tulsa (the City). Ball v. City of Indianapolis, 760 F.3d 636 (7th Cir. 2014) (recognizing that a police department is not a "person" under § 1983 but considering whether the plaintiff could have alleged a claimed against the municipality); Bonenberger v. Plymouth Township, 132 F.3d 20, 25 (3d Cir. 1997) (treating the police department as the municipality for the purpose of a § 1983 claim). However, there are no allegations that the defendant had an unconstitutional custom or policy. To allege a § 1983 claim against a municipality, a plaintiff must allege that an official policy or custom of the municipality caused a violation of the plaintiff's constitutional rights. Dodds v. Richardson,

3

614 F.3d 1185, 1201-02 (10th Cir. 2010). Plaintiffs have not sufficiently alleged a § 1983 claim and their complaint should be dismissed for lack of jurisdiction.

**IT IS THEREFORE ORDERED** that plaintiffs' claims are **dismissed for lack of subject matter jurisdiction**. A separate judgment of dismissal is entered herewith.

**IT IS FURTHER ORDERED** that plaintiffs' Motion for Leave to Proceed In Forma Pauperis and Supporting Affidavit (Dkt. # 2) is **moot**.

**DATED** this 9th day of June, 2015.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE